IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIR LIQUIDE MEXICO S. de R.L. de C.V. and AIR LIQUIDE PROCESS AND CONSTRUCTION, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>HANSA MEYER GLOBAL TRANSPORT USA, LLC, <br><br>    Defendant, <br><br>v. <br><br>CONTRACTORS CARGO COMPANY; TRAILBLAZER PILOT CAR SERVICES, LLC; CLAUDE JOSEPH KIMMEL d/b/a FREEDOM PILOT CAR SERVICES; CHARLES VAN KIRK d/b/a SLINGSHOT PILOT CAR SERVICES, INC.; TALLERES WILLIE, INC.; BERNARDO AINSLIE; FELIX NINO LEIJA; WHEELING EQUIPMENT COMPANY, INC.; and GEORGE ORTIZ, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-15-0557 |

**MEMORANDUM OPINION AND ORDER**

This case arises out of a collision between a train and a $1 million piece of refinery equipment en route from India to Mexico by way of Magnolia, Texas. Plaintiffs Air Liquide Mexico S. de R.L. de C.V. and Air Liquide Process and Construction, Inc. ("Air Liquide" or "Plaintiffs") contracted with defendant Hansa

Meyer Global Transport USA, LLC ("Hansa Meyer") to coordinate transportation of Plaintiffs' equipment. Hansa Meyer in turn contracted with other parties, including Contractors Cargo Company ("Contractors Cargo"), to do the actual transporting. While in transit the equipment was struck by a train at a grade crossing. This litigation followed.

Plaintiffs brought various state-law claims against Hansa Meyer in the 284th District Court for Montgomery County, Texas, under Cause No. 14-03-2522.[1] Hansa Meyer then filed a third-party petition against Contractors Cargo Company ("Contractors Cargo") and eight other third-party defendants, alleging that they were responsible for the damage to Plaintiffs' equipment under 49 U.S.C. § 14706 (the "Carmack Amendment").[2] Contractors Cargo removed pursuant to 28 U.S.C. § 1441, invoking this court's jurisdiction over Carmack claims under 28 U.S.C. § 1337.[3] Pending before the court is Plaintiffs' Motion to Remand (Docket Entry No. 18). For the reasons stated below, Plaintiffs' Motion to

---

[1] Plaintiffs' Original Petition, Exhibit D to Third Party Defendant Contractors Cargo Company's Notice of Removal, Docket Entry No. 1-5.

[2] Defendant/Third Party Plaintiff, Hansa Meyer Global Transport USA, LLC's First Amended Third Party Petition ("First Amended Third-Party Petition"), Exhibit PP to Third Party Defendant Contractors Cargo Company's Supplemental Notice of Removal, Docket Entry No. 6-1.

[3] Third Party Defendant Contractors Cargo Company's Notice of Removal, Docket Entry No. 1.

Remand will be granted, and this case will be remanded to the 284th District Court for Montgomery County, Texas.[4]

## Analysis

Except as otherwise expressly provided by Act of Congress, the "defendant or defendants" in a civil action brought in state court may remove the action to federal court if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Therefore, if a plaintiff moves to remand a case, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.

---

[4]Plaintiffs filed a separate state court lawsuit against the third-party defendants in this case in the 125th District Court of Harris County, Texas, under Cause No. 2015-02168-7. Contractors Cargo removed that action to the Southern District of Texas, where it is pending before Judge Ewing Werlein, Jr. See Defendant Contractors Cargo Company's Notice of Removal, Case No. H-14-211, Docket Entry No. 1. Judge Werlein denied Plaintiffs' motion to remand that case. See Memorandum and Order, Case No. H-14-211, Docket Entry No. 38. After removing the present action to this court, Contractors Cargo moved to consolidate the two federal cases. See Third Party Defendant Contractors Cargo Company's Motion to Consolidate, Case No. H-14-211, Docket Entry No. 77. Judge Werlein denied that motion. See Order, Case No. H-14-211, Docket Entry No. 92.

2002). Because removal jurisdiction raises significant federalism concerns, such jurisdiction is narrowly construed. <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

Plaintiffs argue that Contractors Cargo, as a third-party defendant, has no right of removal under 28 U.S.C. § 1441.[5] Contractors Cargo argues that "because the Fifth Circuit permits removal by third party defendants under certain circumstances," removal was proper.[6] However, Contractors Cargo's briefing of this issue neither identifies those "certain circumstances" nor makes any showing as to their applicability in this case.

Because § 1441(a) limits the right of removal to the "defendant or defendants," and the removal statute is to be strictly construed, third-party defendants have no right of removal under § 1441(a). <u>Alattar v. Sano Holdings, Inc.</u>, No. H-14-266, 2014 WL 3543716, at *3 (S.D. Tex. July 17, 2014); <u>see also</u>

---

[5]<u>See</u> Plaintiff's Motion to Remand, Docket Entry No. 18, pp. 18-23; Plaintiff's Reply to Third-Party Defendant Contractors Cargo Company's Response to Motion to Remand, Docket Entry No. 33, pp. 16-20. Because this procedural issue is dispositive, the court need not address the parties' substantive arguments regarding the Carmack Amendment's applicability to the claims at issue.

[6]Contractor[s] Cargo Company's Response in Opposition to Plaintiffs' Motion to Remand and Brief in Support ("Contractors Cargo's Response"), Docket Entry No. 21, p. 15.

14C Charles Alan Wright, et al., Federal Practice and Procedure § 3730 (4th ed.) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court . . . ."). Nevertheless, the Fifth Circuit has been in the minority in recognizing a narrow exception under § 1441(c) when a third-party complaint states a "separate and independent claim." See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135-36 (5th Cir. 1980). However, Heck was decided prior to Congress's amendment of the removal statute in 2011.[7] Because the 2011 amendment deleted the "separate and independent claim" language from § 1441(c),[8] it is doubtful

---

[7]The version of § 1441(c) construed in Heck, which has been amended several times since then, read as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

See Heck, 622 F.2d at 135 (quoting 28 U.S.C. § 1441(c)).

[8]The current version of § 1441(c) reads in relevant part:

**(c) Joinder of Federal law claims and State law claims.--**

**(1)** If a civil action includes--

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(continued...)

whether the exception recognized in <u>Heck</u> survives.[9] Furthermore, both versions of § 1441(c) require that the removable claim be joined with a nonremovable claim. Contractors Cargo has not identified a nonremovable claim in this case.[10] To the contrary, Contractors Cargo argues that all of the claims in this case, including Plaintiffs' state-law claims against Hansa Meyer, "come within the scope of the Carmack Amendment and are in reality based on federal law."[11] Nevertheless, for the sake of completeness, even assuming that <u>Heck</u> is still good law and that § 1441(c) applies,

---

[8](...continued)
    **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

    **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.

[9]There also is no indication that the 2011 amendment has rendered all third-party claims removable. "Had Congress intended to permit removal by third-party defendants, it could have amended § 1441(a) to clarify the definition of 'the defendant or defendants' or added additional language to § 1441(c) specifying that removal under that subsection is available to parties other than original defendants. It did not." <u>Mut. Pharm. Co., Inc. v. Goldman</u>, No. 12-0815, 2012 WL 2594250, at *2 (E.D. Pa. July 3, 2012); <u>accord</u> <u>Noland v. Energy Res. Tech., Inc.</u>, No. G-12-0330, 2013 WL 177446, at *6 (S.D. Tex. Jan. 16, 2013) (Costa, J.).

[10]Contractors Cargo quotes the amended § 1441(c), but then refers only to Hansa Meyer's Carmack claim. <u>See</u> Contractors Cargo's Response, Docket Entry No. 21, p. 16.

[11]<u>Id.</u> at 11-12 (internal quotation marks and citation omitted).

Contractors Cargo has not shown that it has a right of removal in this case.

A federal claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case. See American Fire & Casualty Co. v. Finn, 71 S. Ct. 534, 540 (1951) ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."). To be "separate and independent" a claim by a third-party plaintiff against a third-party defendant need not be "unrelated to the main claim," so long as it is "sufficiently independent of [the main claim] that a judgment in an action between those two parties alone can be properly rendered." See Heck, 622 F.3d at 136.

Under Heck and its progeny, "[w]hile a third-party demand for contractual indemnity is generally considered to be separate and independent from an original state law cause of action, a third-party indemnity claim based on joint liability is not." Noland, 2013 WL 177446 at *6. As this court has explained, "a third-party action for contribution and indemnity may constitute a separate and independent claim for purposes of § 1441(c) if the third-party complaint seeks indemnity based on a separate legal obligation owed by the third-party defendant to the third-party plaintiff." Kinder Morgan Louisiana Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd., 752 F. Supp. 2d 772, 779 (S.D. Tex.

2010) (Lake, J.).[12]  "If, however, the third-party complaint seeks indemnity based on an allegation that the third-party defendant's actions caused the plaintiff's injuries, there is no separate and independent cause of action."  Id.

Hansa Meyer's Third Party Petition states that it sues the third-party defendants "pursuant to the Carmack Amendment" because "[they] are responsible for the collision in question and Plaintiffs' damages" and "because [they] failed to deliver the [equipment] . . . in the same good order and condition as when tendered to [them]."[13]  Hansa Meyer also seeks contribution "as allowed by and provided for by Section 33.016 of the Texas Civil Practices and Remedies Code."[14]  These claims are not separate and independent from Air Liquide's claims in the original suit; they are intertwined with Air Liquide's claims against Hansa Meyer, rely on the same set of facts, and pertain to a single wrong to Air Liquide.  These claims may essentially be indemnity claims, but neither the Third Party Petition nor Contractors Cargo's briefing

---

[12]Congress amended § 1441(c) in 1990 and limited its application to federal question claims under § 1331.  See Judicial Improvements Act of 1990, PL 101-650, December 1, 1990, 104 Stat 5089.  Even if the exception in Heck still applies, it is no longer relevant in diversity cases.  Therefore, an indemnity claim that sounds in contract would still have to invoke federal question jurisdiction to be removable.  Kinder Morgan, 752 F. Supp. 2d at 782.

[13]First Amended Third-Party Petition, Exhibit PP to Third Party Defendant Contractors Cargo Company's Supplemental Notice of Removal, Docket Entry No. 6-1, p. 4 (emphasis added).

[14]Id. at 5.

-8-

identifies an independent legal obligation to indemnify Hansa Meyer. Hansa Meyer merely alleges that the third-party defendants' actions caused Air Liquide's injuries. Such claims are not separate and independent for purposes of the exception recognized in Heck.[15]

## Conclusions and Order

The court concludes that Contractors Cargo has failed to establish that removal in this case was proper. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 18) is **GRANTED**, and this action is **REMANDED** to the 284th District Court of Montgomery County, Texas.[16] Because of the unsettled nature of the

---

[15]Hansa Meyer's Third Party Petition also alleges "alternatively and/or additionally" that, should the Carmack Amendment not apply to Hansa Meyer's claims against Contractors Cargo, then Contractors Cargo breached its contract with Hansa Meyer "due to [Contractors Cargo's] failure to provide proper equipment and properly trained and staffed motor carriers." (Docket Entry No. 6-1, pp. 4-5) Contractors Cargo's Notice of Removal and briefing rely solely on Hansa Meyer's federal Carmack claims for removal jurisdiction. Contractors Cargo has not identified this alternative state-law claim as a basis for removal, shown how it might properly be characterized as a federal question claim under § 1331, or established that it falls within the exception in Heck. Contractors Cargo has not met its burden with respect to any of Hansa Meyer's claims.

[16]Because Judge Werlein denied Contractors Cargo's Motion to Consolidate in Civil Action No. H-14-211, and because this case will be remanded to state court, the pending Motion to Realign the Parties, Docket Entry No. 25, filed by several third-party defendants in this case, is moot. With respect to the potential effects of a realignment on removability, Contractors Cargo has not argued for realignment as a cure for removal, and in fact it appears to have opposed the motion to realign. See Certificate of Conference, Docket Entry No. 26, p. 1. More importantly, courts in
(continued...)

law at issue in this case, the court also concludes that an award of attorney's fees under 28 U.S.C. § 1447(c) is not warranted.[17] Accordingly, Plaintiffs' request for attorney's fees and costs is **DENIED**. The Clerk will promptly deliver a copy of this Memorandum Opinion and Order to the District Clerk of Montgomery County, Texas.

**SIGNED** at Houston, Texas, on this 7th day of August, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[16](...continued)
the Fifth Circuit "'have seriously questioned whether the procedural mechanism of realignment can be used to support removal.'" Alattar, 2014 WL 3543716, at *4 (quoting Salge v. Buchanan, No. C-07-212, 2007 WL 1521738, at *4 (S.D. Tex. May 24, 2007) (collecting cases)). The court is not inclined to employ creative solutions to the removability issues in this case.

[17]See, e.g., Alattar, 2014 WL 3543716 at *4; Haulmark Services, Inc. v. Solid Group Trucking, Inc., No. H-14-0568, 2014 WL 5768685, at *6 (S.D. Tex. Nov. 5, 2014).